UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JULIUS ENGEL,<br><br>        Plaintiff,<br><br>   v.<br><br>R.J. REYNOLDS TOBACCO CO.,<br>PHILIP MORRIS USA, INC., and<br>DOES 1-10,<br><br>        Defendants. | CIV. NO. 2:17-618 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Julius Engel brought this action against R.J. Reynolds Tobacco Co. and Philip Morris USA, Inc., for wrongful death arising out of the death of his wife. The matter is now before the court on defendant's Motion to dismiss for failure to join a necessary party, failure to state a claim upon which relief can be granted, and preemption. (Defs.' Mot. (Docket No. 7).)

I.    Factual and Procedural Background

Plaintiff alleges that his wife, Mary Engel, died from

1

cardiovascular disease in August 2016. (Notice of Removal, Ex. 1 ("Compl.") at 3 (Docket No. 1-2).) Defendants' "tobacco and nicotine products" allegedly caused her death. (Id. at 3, 6.) Decedent is survived by plaintiff and their three adult children. (Id. at 6.)

Plaintiff brought a wrongful death action against defendants in Sacramento County Superior Court, alleging (1) negligence, (2) intentional tort, (3) products liability, and (4) breach of warranty. (Id. at 1, 3.) Defendants subsequently removed the case to federal court on the basis of diversity jurisdiction. (Docket No. 1.)

II. Discussion

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal due to the failure to join a necessary party under Federal Rule of Civil Procedure 19. See Fed. R. Civ. P. 12(b)(7); Paiute-Shoshone Indians of the Bishop Cmty. v. City of Los Angeles, 637 F.3d 993, 1002 (9th Cir. 2011). Rule 19 imposes a three-step inquiry: "(1) is the absent party necessary . . . under Rule 19(a)? (2) If so, is it feasible to order that the absent party to be joined? (3) If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?" Salt River Project Agric. Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012). A party is necessary if:

> (1) in the party's absence, the court cannot accord complete relief among existing parties; (2) the absent party has an interest in the action and resolving the action without him may impair or impede his ability

2

to protect that interest; and (3) the absent party has an interest in the action and resolving the action in his absence may leave an existing party subject to multiple or inconsistent obligations.

Backer v. United States, Civ. No. 1:13-1552 AWI GSA, 2014 WL 4267500, at *2 (E.D. Cal. Aug. 29, 2014) (citing Fed. R. Civ. P. 19(a)(1)). If joinder of a necessary party is not feasible, a plaintiff must nevertheless allege the name of the necessary party and the reasons for not joining that person. Fed. R. Civ. P. 19(c).

Under California law, wrongful death is a statutory claim. Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 807 (2d Dist. 1997). The decedent's "surviving spouse, domestic partner, children, and issue of deceased children" may bring a wrongful death cause of action. Cal. Civ. Proc. Code § 377.60. "While each heir designated in section 377.60 has a personal and separate wrongful death cause of action, the actions are deemed joint, single and indivisible and must be joined together in one suit." Corder v. Corder, 41 Cal. 4th 644, 652 (2007). Because the actions are joint, single, and indivisible, federal courts have held that absent heirs are necessary parties in wrongful death cases. Backer, 2014 WL 4267500, at *3; see A.D. v. Cal. Highway Patrol, No. C 07-5483 SI, 2009 WL 733872, at *4 (N.D. Cal. Mar. 17, 2009); Estate of Burkhart v. United States, No. C 07-5467 PJH, 2008 WL 4067429, at *7 (N.D. Cal. Aug. 26, 2008). Therefore, "[a]n heir who brings a wrongful death action has 'a mandatory duty to join all known omitted heirs in the "single action" for wrongful death.'" A.D., 2009 WL 733872, at *4

3

1 (quoting Ruttenberg, 53 Cal. App. 4th at 808).

2 Here, the decedent's alleged heirs for a wrongful death cause of action are her surviving spouse and her "three grown children." (Compl. at 6.) The only plaintiff in this action, however, is the decedent's surviving spouse. Because the decedent's three grown children are heirs under section 377.60, they are necessary parties. See A.D., 2009 WL 733872, at *5. Plaintiff argues that he is the only "first tier" heir because all of the children are adults and therefore it is not necessary to join decedent's adult children in this action. Plaintiff's position, however, is unsupported by case law. See, e.g., Estate of Burkhart, 2008 WL 4067429, at *7 ("An heir who files a wrongful death action is required to properly join all known heirs in the action." (citing Cross v. Pac. Gas & Elec. Co., 60 Cal. 2d 690, 692-93 (1964))). Further, section 377.60, which defines who are heirs for purposes of a wrongful death action, does not define different "tiers" of heirs or state that adult children are not heirs. Accordingly, the decedent's children are necessary parties.

The court must next determine whether joinder of decedent's children is feasible and, if not, whether they are indispensable parties. See Salt River, 672 F.3d at 1179. Plaintiff does not, however, allege why joinder of the necessary parties is not feasible, as required by Rule 19(c). The court is thus unable to determine whether joinder is feasible.

Because plaintiff has not indicated why joinder is not feasible, the court will grant defendants' Motion to dismiss the Complaint for failure to join a necessary party. See Bickoff v.

4

<u>Wells Fargo Bank, N.A.</u>, No. 11-CV-02452 BEN (WVG), 2012 WL 3637381, at *3 (S.D. Cal. Aug. 20, 2012).  In the First Amended Complaint, plaintiff must either join all necessary parties or indicate why it is not feasible to join the necessary parties under Rule 19(c).

Because the court will grant defendants' Motion to dismiss under Rule 12(b)(7), the court need not address defendants' Motion to dismiss for failure to state a claim and preemption.  The parties also agree to strike Exhibit 1 to defendants' Motion.

IT IS THEREFORE ORDERED that defendant's Motion to dismiss for failure to join a necessary party be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' Motion to dismiss for failure to state a claim and conflict preemption be, and the same hereby is, DENIED AS MOOT.

IT IS FURTHER ORDERED that Exhibit 1 to defendants' Motion to dismiss (Docket No. 7-2) be, and the same hereby is, STRICKEN.

Plaintiff has twenty days from the date this Order is signed to file a First Amended Complaint, if he can do so consistent with this Order.

Dated: May 16, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5